IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

**DEMARRIO ROBINSON and MICKINA WIMBLEY,**  **PLAINTIFFS**
**Each Individually and on Behalf of All**
**Others Similarly Situated**

vs.                              No. 5:20-cv-25

**PREMIUM RETAIL SERVICES, INC.**                **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Demarrio Robinson and Mickina Wimbley (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant Premium Retail Services, Inc. ("Defendant"), and in support thereof they do hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiffs, each individually and on behalf of all other similarly situated hourly-paid workers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.    Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and other hourly-paid workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      The acts complained of herein were committed and had their principal effect within the Texarkana Division of the Eastern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7.      The witnesses to the wage violations herein reside in this District.

8.      The records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III.      THE PARTIES

9.      Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint as if fully set forth in this section.

10.      Plaintiff Robinson ("Robinson") is a resident and citizen of Bowie County.

11.      Robinson was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

12.      Specifically, Robinson was employed by Defendant from May of 2019 until January of 2020 as a sales associate.

13.     As a sales associate, Robinson was paid an hourly rate and commissions.

14.     Plaintiff Wimbley ("Wimbley") is a resident and citizen of Miller County, Arkansas.

15.     Wimbley was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

16.     Specifically, Wimbley was employed by Defendant from July of 2019 until January of 2020 as a sales associate.

17.     As a sales associate, Wimbley was paid an hourly rate and commissions.

18.     At all material times herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA.

19.     Defendant is a foreign, for-profit corporation registered in Texas.

20.     Defendant's registered agent for service is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

21.     Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the collective.

22.     Defendant is a retail support company.[1]

23.     Defendant has locations throughout Texas.

24.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

---

[1]     See https://premiumretail.com/solutions/ (last visited Feb. 20, 2020).

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

25.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

## IV.    FACTUAL ALLEGATIONS

26.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

27.    Within the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendant as hourly-paid employees.

28.    At all relevant times herein, Defendant directly hired Plaintiffs to work in its stores, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29.    Plaintiffs and similarly situated hourly-paid workers received commissions as part of their regular pay from Defendant.

30.    Plaintiffs and similarly situated hourly-paid workers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

31.    Defendant paid Plaintiffs and similarly situated hourly-paid workers one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

32.     However, Defendant did not include the commissions that were paid to Plaintiffs and similarly situated hourly-paid workers in their regular rates when calculating their overtime pay.

33.     Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

34.     Defendant violated the FLSA by not including the commissions paid to Plaintiffs and similarly situated hourly-paid workers in their regular rate when calculating their overtime pay.

35.     Defendant failed to pay Plaintiffs and all others similarly situated a sufficient overtime premium for all hours worked over forty each week.

36.     Defendant's pay practices were the same for all hourly workers who received commissions.

37.     Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

38.     Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs and other hourly-paid workers violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

39.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

40.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41.     Plaintiffs bring their FLSA claims on behalf of all hourly-paid workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

42.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

43.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They received commissions;

D.      They worked over forty hours in at least one week in which they earned commission;

E.      They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week; and

F.      They had the same or substantially similar job duties and pay provisions.

44.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds twenty (20) persons.

45.     Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

60.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

61.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

62.     Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

63.     Defendant violated Section 778.117 of Title 29 of the Code of Federal Regulations by not including commissions paid to Plaintiffs in their regular rates when calculating their overtime pay.

64.     Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty hours per week.

65.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

66.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

67.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

69.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

70.    Plaintiffs bring this collective action claim on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

71.     Plaintiffs bring this action on behalf of themselves each individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

72.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

73.     Defendant violated Section 778.117 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as commissions paid to Plaintiffs and those similarly situated, in their regular rate when calculating their overtime pay.

74.     In the past three years, Defendant has employed at least twenty (20) hourly-paid workers.

75.     Like Plaintiffs, these hourly-paid employees regularly worked more than forty (40) hours in a week.

76.     Defendant failed to pay Plaintiffs and all similarly situated employees an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty hours per week.

77.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **All hourly employees in the past three years who earned a commission in connection with work performed in any week in which they worked over forty hours.**

78.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

79.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

80.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Demarrio Robinson and Mickina Wimbley respectfully pray that Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B.     A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

F.   An order directing Defendant to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

G.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DEMARRIO ROBINSON and MICKINA WIMBLEY, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com